**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **LLOYD GEORGE MAXWELL,**      ) | **CASE NO.  4:06 cv 353** |
|                                                        ) | |
| **PETITIONER,**      ) | **JUDGE PETER C. ECONOMUS** |
|                                                        ) | |
| **V.**      ) | |
|                                                        ) | |
|                                                        ) | **MEMORANDUM OPINION AND** |
| **BOARD OF IMMIGRATION**      ) | **ORDER** |
| **APPEALS,**      ) | |
|                                                        ) | |
| **RESPONDENT.**      ) | |

This matter is before the Court upon Petitioner's Writ of Habeas Corpus Petition ("Petition") pursuant to 28 U.S.C. § 2241. (Dkt. # 1). Also before the Court is the Respondent's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. (Dkt. # 6). For the reasons stated below, Respondent's motion to dismiss is granted, and Petitioner's § 2241 action is dismissed.

**I.    FACTS AND ANALYSIS**

The following facts are undisputed unless otherwise noted. Petitioner Lloyd George Maxwell ("Petitioner") is a federal prisoner currently incarcerated at the Federal Correctional Institution in Elkton, Ohio. Petitioner, a native and citizen of Jamaica, was convicted of conspiracy to possess with intent to distribute a Schedule II narcotic (cocaine) in 1988. He served approximately forty-eight months in prison. Petitioner was ordered deported by an Immigration Judge. Petitioner appealed the Immigration Judge's decision, and, on March 15,

1993, that appeal was denied by the Respondent, the Board of Immigration Appeals ("Respondent").

On November 12, 1993, Petitioner was convicted of conspiracy to possess with intent to distribute five kilos or more of cocaine and with attempted possession with intent to distribute five kilos or more of cocaine. Petitioner was sentenced to 240 months imprisonment for that offense.

Petitioner filed a motion to reopen his deportation proceedings with Respondent in 2001. On March 27, 2003, Respondent denied Petitioner's motion to reopen, finding that Petitioner was ineligible for suspension of deportation and waiver under former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c). On August 20, 2003, Petitioner filed a petition for writ of habeas corpus in this Court, seeking review of Respondent's March 27, 2003 decision.

On August 20, 2004, the United States District Court for the Northern District of Ohio granted Petitioner's petition for writ of habeas corpus and found that Respondent had erred in finding Petitioner ineligible for §212(c) relief. Petitioner's case was remanded for Respondent to reconsider. On February 24, 2005, Respondent again denied Petitioner's motion to reopen his deportation proceeding, finding that Petitioner was ineligible for § 212(c) relief because he had served more than five years in prison for his crimes.

Petitioner filed a second petition for writ of habeas corpus on May 15, 2005; seeking review of Respondent's February 24, 2005 decision. On June 24, 2005, the Honorable Judge Lesley Wells of the Northern District of Ohio issued an order finding that, as Petitioner's

arguments were directed primarily toward Respondent's February 24, 2005 decision, he was asserting new grounds of relief that must be litigated in a separate proceeding.

On February 14, 2006, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. # 1). Petitioner's habeas corpus petition seeks an order from this Court vacating Respondent's February 24, 2005 decision and remanding this case to the Board of Immigration Appeals. (Dkt. # 1). Respondent filed a motion to dismiss the petition for writ of habeas corpus on July 14, 2006, arguing that, pursuant to the REAL ID Act of 2005 ("RIDA"), final orders of deportation may be reviewed only by the appropriate circuit court of appeals. (Dkt. # 6). Respondent further argues that transfer to the United States Court of Appeals for the Sixth Circuit would be inappropriate because Petitioner's filing would be untimely. (Dkt. # 6).

Section 106(a) of RIDA makes several significant amendments to the INA's jurisdictional statute at 8 U.S.C. § 1252. Specifically, it amends § 242(a) of the INA to provide that district courts lack jurisdiction to review any removal order for any alien. As a result, § 1252 now precludes all review, including habeas, in district courts. Section 106(a)(2) amended 8 U.S.C. § 1252(b)(9) to read:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in the judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). Therefore, the only means of judicial review available to Petitioner

-3-

is filing a timely petition for review in the appropriate court of appeals. 8 U.S.C. § 1252(a)(1). Further underlining this directive, § 242(a)(5) of the INA, 8 U.S.C. § 1252(a)(5), *as amended by* RIDA § 106(a), provides:

> (5) EXCLUSIVE MEANS OF REVIEW. – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act . . .

8 U.S.C. § 1252(a)(5). In addition, the Sixth Circuit has determined that "[t]he denial of a motion to reopen is a final order subject to judicial review." Prekaj v. INS, 384 F.3d 265, 268 (6th Cir.2004); see also Haddad v. Gonzales, 437 F.3d 515, 517 (6th Cir.2006)(citing 8 C.F.R. § 1003.2(a)("The decision to grant or deny a motion to reopen . . . is within the discretion of the Board."). As such, jurisdictional provisions governing review of final orders of removal also apply to judicial review of denials of motions to reopen.

Finally, § 106(a) of RIDA applies to any "final order of removal, deportation, or exclusion" that was "issued before, on, or after the date of enactment of this division." RIDA § 106(b). RIDA became effective on May 11, 2005. Consequently, § 106(a) of RIDA applies to Petitioner's present application for writ of habeas corpus seeking review of Respondent's March 27, 2003 denial of his motion to reopen. Therefore, pursuant to the jurisdictional requirements as outlined by RIDA, this Court lacks subject matter jurisdiction under 8 U.S.C. § 1252(a)(5) and (b)(9) to review Petitioner's habeas petition.

Furthermore, this Court cannot transfer this petition to the appropriate court of appeals. Though petitions for habeas review that were pending in the district court as of RIDA's

effective date may be transferred to the court of appeals and treated like petitions for review, a petition filed under § 2241 filed in a district court after that date must be dismissed. See 8 U.S.C. § 1252(a)(5); see also Chen v. Gonzales, 435 F.3d 788, 790 (7th Cir.2006)("[C]ollateral proceedings filed on or after May 11 . . . [must] be dismissed outright; the window for belated judicial review has closed.")(citations omitted). As the instant petition for writ of habeas corpus was filed after RIDA's effective date, May 11, 2005, it cannot be transferred to the court of appeals. Rather, Petitioner's § 2241 petition must be dismissed.

## II. CONCLUSION

For the reasons discussed above, Respondent's motion to dismiss (Dkt. # 6) is **GRANTED** and Petitioner's application for federal habeas corpus relief pursuant to 28 U.S.C. § 2241 is **DENIED**. Accordingly, this case is **DISMISSED**. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c);  Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus – October 17, 2006**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**